[Cite as *In re O.C.*, 2012-Ohio-713.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

O.C. (DOB 11-09-2005)

A.T. (DOB 02-22-2008)

I.B. (DOB 09-09-2010)

MINOR CHILDREN

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. W. Scott Gwin, J.
Hon. Sheila G. Farmer, J.

Case No. 2011CA00248

O P I N I O N


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
                            Pleas, Juvenile Division, Case Nos.
                            2010JCV00988 & 2010JCV01339


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           February 21, 2012


APPEARANCES:

For Appellant

AMANDA E. JAMES
200 West Tuscarawas Street
Suite 200
Canton, OH  44702

For Appellee

LISA A. LOUY
221 Third Street, SE
Canton, OH  44702

*Farmer, J.*

{¶1}   On August 9, 2011, appellee, the Stark County Department of Job and Family Services, filed two complaints for permanent custody of O.C. born November 9, 2005, A.T. born February 22, 2008, and I.B. born September 9, 2010.  Mother of the children is appellant, Samantha Carter; father of O.C. is Michael Plant, father of A.T. is Gregory Thomas, and father of I.B. is Michael Brant.

{¶2}   O.C. and A.T. had been adjudicated dependent on November 8, 2010. I.B. had been adjudicated dependent on February 8, 2011.  A final hearing was held on September 27, 2011.   By judgment entry filed October 3, 2011, the trial court granted permanent custody of the children to appellee.  Findings of fact and conclusions of law were filed same date.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO CONTINUE THE PERMANENT CUSTODY HEARING."

II

{¶5}   "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

III

{¶6} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILDREN WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶7} Appellant claims the trial court abused its discretion in denying her motion for a continuance. We disagree.

{¶8} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger* (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶9} At the start of the hearing, appellant's counsel requested a continuance as appellant was not present for the hearing:

{¶10} "Just briefly I would ask a Motion to Continue being that my client is not present today. Uhm given the rights that state that she does have a right to be here. So I would ask for the opportunity to be able to come in contact with her and notify her of today's proceedings. I do understand that…that the Department has perfected service through ordinary mail however I subsequently did send certified mail that was signed by an unknown individual. I don't know uhm if she's still at that address or not. I have made several attempts through that same address ah and being that I have not

been able to contact her at that address it is possible that she is not aware of today's proceedings."  T. at 3-4.

{¶11}  The trial court noted appellant had been adequately served and denied the motion.  T. at 4.

{¶12}  The record indicates appellant was served notice of the final hearing via certified mail and ordinary mail.  See, Praecipe for Service filed August 31, 2011 and Clerk's Notice dated September 2, 2011.  Although the certified mail was returned unclaimed, the notices were sent to the same address as listed on the original temporary custody complaint filed on September 8, 2010.  Appellant appeared at the emergency shelter care hearing and the adjudicatory hearing.  See, Notification of Rights filed September 9, 2010 and Notice of Rights filed November 9, 2010.

{¶13}  Upon review, we find the trial court did not abuse its discretion in denying the motion for continuance.

{¶14}  Assignment of Error I is denied.

## II, III

{¶15}  Appellant claims the trial court's decision to grant permanent custody of the children to appellee was against the manifest weight and sufficiency of the evidence.  Specifically, appellant claims the trial court erred in finding the children could not be placed with her within a reasonable period of time and the best interests of the children was best served by granting appellee permanent custody.  We disagree.

{¶16}  As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses.  Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.

*Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA–5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279.

{¶17} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:

{¶18} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

{¶19} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents

for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶20} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

{¶21} "(10) The parent has abandoned the child.

{¶22} "(16) Any other factor the court considers relevant."

{¶23} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus. See also, *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶24} R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

{¶25} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶26} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶27} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶28} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶29} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶30} In its findings filed October 3, 2011 as to whether the children could be placed with appellant within a reasonable time, the trial court found the following relevant to appellant:

{¶31} "2. ***Ms. Hafner [caseworker] testified that the initial concerns when the complaint was filed included the conditions of the home, drug abuse, as well as allegations that Mother was selling food stamps to purchase marijuana. She further testified that she attempted to work with Mother out-of-court but on September 8, 2010 had to subsequently remove [A.T and O.C.] from her care. In [I.B.'s] case the agency attempted to leave the child in Mother's care while she was supervised at inpatient treatment facility. Mother then transitioned housing and had no supervision on November 30, 2010 which required the childs (sic) removal from the home. Since the times of removal from Mother's custody no child has been returned to her care. Ms.

Hafner testified that visits between the children and Mother stopped during February 2011 when Mother stopped attending visits, a period in excess of ninety (90) days. The caseworker was not aware of anything prohibiting Mother from attending visits as Mother was provided a bus pass. The worker contacted Ms. Carter at home in May 2011. During this contact Ms. Hafner testified Mother threatened her and failed to have contact with any child.

{¶32} "4. The worker testified that Mother's case plan included a parenting assessment at North East Ohio Behavioral Health. She testified that Mother began her intensive out-patient services at Quest but walked-out before she had finished. She stated that, to her knowledge, Mother has no job or stable housing. Ms. Hafner testified that Mother failed to complete her parenting assessment.***"

{¶33} The trial court then concluded the following:

{¶34} "1. THEREFORE, the court finds by clear and convincing evidence that the children have been abandoned as defined under ORC 2151.011 (c).

{¶35} "2. THEREFORE, the children cannot be placed with either parent within a reasonable time nor should they be placed with either parent."

{¶36} The family's caseworker, Jennifer Hafner, testified the agency was working with appellant out-of-court while appellant was receiving drug and alcohol treatment. T. at 9. However, after appellant relapsed, she went into inpatient treatment and appellee received temporary custody of the children in November of 2010 (O.C. and A.T.) and February of 2011 (I.B.). T. at 9-11. Appellant stopped visiting the children in February and failed to return telephone calls to the agency. T. at 11. Ms. Hafner made contact with appellant in May of 2011 however, appellant was not happy

and threatened Ms. Hafner to leave.  T. at 11-12, 29.  Appellant did not ask about the children during this visit.  T. at 36.  Ms. Hafner did not know of anything that prohibited appellant from visiting the children.  T. at 12.  The agency had supplied appellant with a bus pass.  T. at 29-30.

{¶37}  Through her case plan, appellant was required to receive a parenting assessment which she never completed.  T. at 13.  She walked out on her inpatient treatment for drugs and alcohol and did not complete the program.  Id.  She has not obtained housing or a job.  T. at 15.

{¶38}  Ms. Hafner testified the fathers have had little to no involvement in the case.  T. at 12, 14-15, 36.

{¶39}  Upon review, we find the trial court did not err in finding that the children could not be placed with appellant within a reasonable time.

{¶40}  As for best interests, the trial court found the following:

{¶41}  "[A.T., O.C., and I.B.] are three (3) caucasian girls.  Ms. Hafner testified that at the time of their removal the children exhibited developmental and speech delays.  Since that time they have undergone occupational, physical, and speech therapy which have corrected the issues.  The children have been in the same foster home since December 14, 2010.  The worker stated that the Foster Parents have adopted three (3) other boys and one (1) girl, whom the children in this case are bonded with.  Ms. Hafner testified that Mother has no suitable relative for adoption.  The Parents of Gregory Thomas are suitable but do not want the other children and felt it is in the children's best interest to remain together.  She further testified that Father Michael Barth also has no suitable relatives."

**{¶42}** The trial court then concluded the following:

**{¶43}** "1. THEREFORE, the Court finds, despite the minimal bond that may have developed between any parent and [A.T., O.C., or I.B.,] the harm caused by severing the bond with the parents is outweighed by the benefits of permanency in the children's life.

**{¶44}** "2. THEREFORE, the Court finds [A.T., O.C., and I.B.] to be adoptable.

**{¶45}** "3. THEREFORE, the Court finds it is in the best interests of [A.T., O.C., and I.B.] to grant permanent custody to the SCDJFS for purposes of adoption. These children deserve to be in a stable, loving environment."

**{¶46}** Ms. Hafner testified the children suffered from slight developmental delays which have been corrected through occupational, physical, and speech therapy. T. at 45. All the children resided in the same foster home and have bonded with the foster family. T. at 45-46. Ms. Hafner did not observe any bond between the children and appellant. T. at 48.

**{¶47}** Upon review, we find the trial court did not err in finding the best interests of the children were best served by granting permanent custody to appellee.

**{¶48}** Assignments of Error II and III are denied.

{¶49} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ W. Scott Gwin_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF: : 
                                          : 

O.C. (DOB 11-09-2005) : 
                                          : 

A.T. (DOB 02-22-2008) :          JUDGMENT ENTRY
                                          : 

I.B. (DOB 09-09-2010) : 
                                          : 

MINOR CHILDREN :          CASE NO. 2011CA00248


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed. Costs to appellant.


                     _s/ Sheila G. Farmer_____


                     _s/ Patricia A. Delaney_____


                     _s/ W. Scott Gwin_____

                                   JUDGES